This was an action against the defendant, for having failed to do his duty, in arresting one Thomas Ivey; against whom the plaintiff had issued a bail writ. The defendant called Elijah Ivey, the father of Thomas, against whom the hail process . 'had been issued, as a witness; who was rejected on the ground of incompetency, and a verdict wras given for the plaintiff, for the full amount o,f the debt. A motion is now made for a. new trial, on the ground, that Elijah Ivey was not incompetent (together with other grounds which the court do not think it necessary to notice.) It appeared after much examination of the witness, who did not seem well to understand the nature or extent of his responsibility, that he had promised the sheriff that “if he had to pay,” he, witness, would pay him: he meant, to keep him harmless: from which, he said, he thought himself interested; and the presiding judge declared him incompetent. This is a subject on which there has been much. controversy, and cases can be found where a witness has been excluded, be>cause he considered himself interested.
But it is now well established that he is to.be excluded,, merely because he conceives himself interested; or. that he is. bound in honor to indemnify the party calling him, should he lose the suit. The experience of ages has induced the courts, to narrow down-the objections to competency. It is much bet *64 ter, in these doubtful cases, to admit witnesses, and let the jury' determine on their credibility.
Besides, excuses oí this sort are easily fabricated, and one may suddenly find himself deprived of a witness on whom he. had relied. A review of the cases in which witnesses have been 'declared incompetent, because they thought themselves intcr-■ested, will shew that the rule is not only injudicious, but that it is inconvenient in its application, and involves a manifest absurdity. In such cases the court is not precluded from examining the witness on a variety of points, in order to ascertain the ground of his belief; and not unfrequently such, examination ends in the most obvious conviction on the mind of the- court,, that the witness is not in reality interested. How improper must it be, in such case, to exclude the witness; for how can it be believed, that a man can think himself interested, who is expressly told by the court that lie.is not. In a late case, it is said to have been determined by Sir Win. Scott, that one who thought himself entitled by láw tó a share in the prize, ivas incompetent; and that he said, he always understood the distinction to be, that if a witness says he expects to share from the bounty of the captors, he is not inadmissible; but if he thinks himself entitled in law, he acts under an impression of interest, which renders him incompetent; however erroneous that opinion may be. What does this amount to, but that a mail may be excluded who is not interested^
Again, it is easy to trace this rule to cases .in which the mere dicta of judges are used in its support. 1 find on an examination of the cases, that in all of them, the witnesses not only said they believed themselves interested, but that they were really so. Now here, the witness was not interested. His promise was a mere verbal one, to indemnify the sheriff fo-r neglecting his duty; on which no action would lie. Had ho been told he was not interested,-he would have been satisfied: But if not, he. would only have been presented to the jury as a witness on whose mind there might be a bias. See 1. Phillips, 43, 44. It is much better to adhere to the plain rule, that" there must be a direct and obvious interest, to exclude a witness. I shall say nothing on the merits of the case, as it is again to be submitted to a jury.
The motion is granted. —
Johnson, JVott, Richardson and Gantt — Justices, concurred.